**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

ALFREDO ELOY FERNANDEZ-MARTINEZ

VERSUS

WARDEN WINN CORRECTIONAL CENTER, ET AL.

CIVIL ACTION NO. 26-2499

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE AYO

**MEMORANDUM ORDER**

Before the Court is an "Emergency Motion for Temporary Restraining Order and Order to Show Cause" (Record Document 2) filed by habeas Petitioner, Alfredo Eloy Fernandez-Martinez ("Petitioner"), by and through his Next Friend, Maidelyn Diaz Hernandez. Petitioner is a native and citizen of Venezuela. See Record Document 1 at 8. He is a civil immigration detainee held in Immigration and Customs Enforcement ("ICE") custody since June 23, 2026, when ICE arrested him as he voluntarily appeared for his scheduled check-in appointment. See id. at 6. No final order of removal has been entered in this case. See id.

In his Habeas Petition, Petitioner challenges the legality of his continued detention without an individualized custody determination and the threat of removal or transfer to another facility without procedural protections. See id. at 7. He seeks immediate release or an individualized custody determination hearing. See id. at 15. The Habeas Petition is signed by both Petitioner and his Next Friend. See id. at 5.

The instant Emergency Motion is signed only by Petitioner's Next Friend. See Record Document 2 at 2. Notwithstanding, the Court will consider the merits of such motion. Petitioner seeks to preserve the status quo and an individualized custody

determination hearing within seven days.  <u>See</u> Record Document 2-1.  He further asks the Court to enjoin Respondents from transferring him to another facility, from transferring him outside the Western District of Louisiana, and from removing him from the United States, all during the pendency of his Habeas Petition.  <u>See id.</u>

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood her cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. <u>See</u> <u>Misquitta v. Warden Pine Prairie ICE Processing Center</u>, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing <u>Piedmont Heights Civic Club, Inc. v. Moreland</u>, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny an emergency injunction lies in the district court's discretion. <u>See</u> <u>Moore v. Brown</u>, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. <u>See</u> <u>Albright v. City of New Orleans</u>, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); <u>see also</u> <u>Suburban Propane, L.P. v. D & S GCTX LLC</u>, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); <u>see also</u> <u>Anderson v. Jackson</u>, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks injunctive relief that mirrors the relief requested in his Habeas Petition, that is, an individualized custody determination hearing or immediate release.  Another judge within this District decided a similarly situated case, stating:

2

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." <u>Lackey v. Stinnie</u>, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.
>
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. <u>Id.</u> at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong. . . . Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." <u>Canal Auth. of the State of Florida v. Callaway</u>, 489 F.2d 567, 573 (5th Cir. 1974); <u>see also</u> Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." <u>Callaway</u>, 489 F.2d at 573.

<u>Pema Sherpa v. Judith Almodovar, et al.</u>, No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026). A ruling on the instant Motion should not resolve the legal disputes in this case. Thus, to the extent Petitioner asks for an individualized custody determination hearing or an order of immediate release from custody, the Court views this request as an effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. <u>See</u> <u>Garcia-Aleman v. Thompson</u>, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025). The issues raised in the motion are more appropriately addressed through the ordinary adjudication of his Habeas Petition.

As for the request to prohibit transfer, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." <u>Lotter v. Lyons</u>, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that he will be transferred to another facility. Additionally, this Court's jurisdiction

attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Finally, Petitioner seeks a stay of removal while his Habeas Petition remains pending. However, even if framed as seeking to preserve the status quo, a request for stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted). Thus, this Court is without jurisdiction to grant Petitioner's request for stay of removal. See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025). Moreover, it appears such request is premature because there is no final order of removal in this case.

Accordingly,

**IT IS ORDERED** that Petitioner's "Emergency Motion for Temporary Restraining Order and Order to Show Cause" (Record Document 2) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of July, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT